IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-00970-CYC

MUHAMMADJON MARUFOV,

     Petitioner,

v.

ROBERT HAGAN, Field Office Director, Denver Field Office, Immigration and Customs Enforcement, in his official capacity;
JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility; and
TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,

     Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Muhammadjon Marufov, a detainee at the Denver Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a) governs his detention vel non. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court grants in part the Petition.

**BACKGROUND**

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL

1

290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). In the Petition, the petitioner sought release or, in the alternative, a bond hearing. ECF No. 1 at 13. However, he filed a notice informing the Court that he believes that the respondents have violated his Fifth Amendment rights and "this violation cannot be cured by a bond hearing under a different statute." ECF No. 10 at 1. Instead of ordering a bond hearing, he asks the Court to order that he be immediately released. *Id*. at 3. On April 15, 2026, without leave of the Court, the petitioner filed a "reply" to a notice filed by the respondents. ECF No. 13. In the unauthorized reply, the petitioner again argues that a bond hearing is an insufficient remedy and asks the Court to order that he be released immediately. *Id*. at 2–3.

The petitioner, a citizen of Tajikistan, entered the United States on February 8, 2024 and was arrested the following day. ECF No. 1 ¶¶ 6, 25–26; ECF No. 12-1 at 1. The Department of Homeland Security ("DHS") released the petitioner pursuant to "section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations" under conditions that are not part of the record before the Court. ECF No. 12-1 at 2 ("Notice of Custody Determination"). Section 236 of the Immigration and Nationality Act ("INA") "is codified at 8 U.S.C. § 1226." *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *1 (D. Colo. Oct. 22, 2025). While DHS' paperwork may not be dispositive, the Notice of Custody Determination indicates that DHS believed on February 9, 2024 that the petitioner was detained and released under 8 U.S.C. § 1226. *See Abanil v. Baltazar*, No. 25-cv-04029-WJM-STV, --- F.

2

Supp. 3d ----, 2026 WL 100587, at *6 (D. Colo. Jan. 14, 2026). DHS then placed the petitioner into removal proceedings pursuant to 8 U.S.C. § 1229a and the petitioner filed an application for asylum, which remains pending, and obtained work authorization. ECF No. 1 ¶ 26.

As a result of his release, the petitioner had been present in the United States for more than a year before he was "re-detained" in August 2025 "while he was in compliance with his ICE check-in appointment at the Denver Field Office." ECF No. 1 ¶¶ 8, 27.

Initially the petitioner argued either that he should be released or that he is entitled to a bond hearing under 8 U.S.C. § 1226. While his later-filed notice argues only for release, the Court does not consider his request for a bond hearing abandoned and, therefore, will consider his request for a bond hearing as well as his request for release. Notably, the respondents do not offer any evidence of a criminal history that requires mandatory detention. *See* 8 U.S.C. § 1226(c). Instead, they maintain that the petitioner is detained pursuant to 8 U.S.C. § 1225(b). ECF No. 7 at 2–3.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to him, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing

framework for requesting a bond determination), and that his continued detention premised on 8 U.S.C. § 1225(b)(2)(A) violates his due process rights and the INA. ECF No. 1 ¶¶ 2, 28–44, 51. The Court has previously resolved this legal question in favor of a similarly situated petitioner. *Jimenez Facio*, 2025 WL 3559128, at *1–4. The respondents recognize this, but "respectfully disagree with that ruling." ECF No. 7 at 1–2. The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases and incorporates its analysis from *Jimenez Facio*. 2025 WL 3559128, at *1–4. To the extent the respondents contend that the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026), makes a difference, *see* ECF No. 10 at 2–3, Judge Sweeney's thorough rebuttal of that divided decision provides a solid foundation to maintain the consensus that exists in this District. *See Singh v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026). The respondents also reference the decisions of "some district courts . . . [that] have agreed with [their] interpretation of the statute." ECF No. 7 at 2. But they present no argument why these non-binding decisions require the Court to reverse itself on this legal question. Indeed, they concede that "until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id.* at 3. And having reviewed the cited decisions, the Court finds no reason to reverse itself. Accordingly, the Court finds that the petitioner is detained pursuant to 8 U.S.C. § 1226.

Turning to the question of the appropriate relief, the Court finds that the petitioner is entitled to a bond hearing, but not immediate release. *See Martinez Escobar v. Baltazar*, No. 26-

cv-00296-NYW, 2026 WL 503313, at \*4 (D. Colo. Feb. 24, 2026). The petitioner's argument for immediate release is primarily premised on the idea that the respondents did not have a valid warrant for his arrest. ECF No. 1 ¶¶ 45–50. However, in response to a Court Order, ECF No. 11, the respondents produced the February 9, 2024 Warrant for Arrest of Alien, ECF No. 12-1. And the statute makes clear that while the Attorney General may "release the alien" on conditions, 8 U.S.C. § 1226(a)(2), "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." *Id*. § 1226(b). Therefore, while "[r]elease is an available and appropriate remedy for detention that lacks a lawful predicate," *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at \*3 (D. Minn. Jan. 5, 2026), in this case the respondents initially arrested the petitioner with a warrant and the statute allowed them to rearrest and detain him based on that same warrant. As a result, the arrest itself was lawful, but the petitioner's continued detention without a bond hearing is a violation of due process and the appropriate remedy is to provide him with a bond hearing.

The petitioner's unauthorized "reply" ignores 8 U.S.C. § 1226(b) and states that "[t]he 2024 warrant was not valid for re-detention, and no new warrant or notice of revocation was issued, the August 2025 arrest was warrantless and 'statutorily unauthorized.'" ECF No. 13 at 5–6 (citing *Roseline K.N. v. Bondi*, No. 26-cv-540 (KMMM/SGE), 2026 WL 185069 (D. Minn. Jan. 25, 2026)). But in *Roseline K.N.*, there was no warrant at all. Here, there was a warrant, and the language of the statute allows the Attorney General to "rearrest the alien under the original warrant[ ] and detain the alien." 8 U.S.C. § 1226(b). As a result, the petitioner's argument for immediate release does not sway the Court.

Because the Court has found that the Petition should be granted because the respondents have violated the petitioner's due process rights by detaining him under 8 U.S.C. § 1226 without

5

providing him a bond hearing and has ordered the respondents to provide that hearing, the Court does not address his request to declare a DHS policy illegal and to declare a decision by the Board of Immigration Appeals to be unlawful.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part**.

It is further ORDERED that

(1) the respondents shall provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of this Order;

(2) the respondents are **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A);

(3) the respondents shall file a status report within **seven days** of the petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial;

(4) to the extent the respondents are in possession of the petitioner's original identification documents, the respondents must provide those documents to the petitioner if he is released from custody.

Entered and dated this 16th day of April, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

6